IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

M.P.,[1]

        Plaintiff,

    Vs.                        No. 20-2043-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.


MEMORANDUM AND ORDER

      The case comes before the court on the defendant Social Security Commissioner's ("Commissioner's") motion to stay proceedings. ECF# 15. The defendant points out his answer and the certified transcript were due on April 21, 2020, after a clerk's office extension of time. The defendant now asks for a stay as his agency is unable to complete the administrative record due to the impact of the COVID-19 crisis and related governmental orders upon the Social Security Administration and upon his employees charged with the physical production of the administrative record. In particular, the defendant states that because of these circumstances, "critical in person physical tasks associated with preparing the transcript cannot be accomplished." ECF# 15, ¶ 5. The defendant attaches an affidavit explaining the physical tasks and details involved in preparing the administrative transcript. The defendant telephoned the *pro se* plaintiff and left a message regarding this motion. The defendant did not hear back from the plaintiff

---

1 The use of initials is to preserve privacy interests.

prior to filing this motion.

As part of its broad discretion in managing the docket, a court may issue stays over the whole or part of the proceeding. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The court in exercising this power to stay weighs the parties' different interests and balances them in consideration of "the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). If the request to stay would delay court proceedings for other litigants, the movant must "make a strong showing of necessity." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

The court finds from the face of the defendant's motion that he has carried his burden of showing the necessity for a stay. The court makes its finding subject to reconsideration should the plaintiff timely present a case for significant prejudice here. Realizing the importance of Social Security benefits and the time already involved in these proceedings, the court will stay the matter for 60 days at which time, if the answer and administrative record have not been filed, the defendant may seek to extend the stay if the circumstances from COVID-19 crisis justify an extension.

IT IS THEREFORE ORDERED that the defendant's motion to stay proceedings (ECF# 15) is granted insofar as the matter is stayed for 60 days from the date this order is filed;

2

IT IS FURTHER ORDERED that the stay shall lift automatically upon the defendant's filing of his answer and administrative record or upon the expiration of 60-day stay, whichever occurs first.

Dated this 23rd day of April, 2020, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge