IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. PARKER, SR.
               Plaintiff,

vs.                                       Case No. 20-2043-SAC

ANDREW SAUL, Commissioner of
Social Security Administration,

               Defendant.

**O R D E R**

Plaintiff's pro se amended complaint appears to challenge the January 23, 2020 decision of an Administrative Law Judge which grants plaintiff supplemental disability benefits as of January 10, 2020. Plaintiff contends that the onset date of disability should have been December 11, 2017.

This case is before the court upon defendant's motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Doc. No. 18. Defendant contends that this court does not have jurisdiction to consider plaintiff's challenge because there has not been a "final decision" of the Commissioner as required for court review by 42 U.S.C. § 405(g).

Section 405(g) provides in part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced [in the district court

1

of the United States] within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  There is no "final decision" open to review in a district court until there has first been a request for review by the Appeals Council and a decision upon that request by the Appeals Council.  See Smith v. Berryhill, 139 S.Ct. 1765, 1772 (2019)(describing four-step process required for review from a federal court); Whiting v. Commissioner of Social Security, 2020 WL 2140204 *2 (W.D.Mich. 4/10/2020)(dismissing for lack of jurisdiction claim challenging denial of disability benefits where no review by Appeals Council was sought); Teupell v. Saul, 2020 WL 3893056 *2 (D.N.Mex. 7/10/2020)(dismissing for lack of jurisdiction claim challenging denial of applications for disability insurance and supplemental security income benefits where Appeal Council had not rendered a decision upon a request for review).

The declaration of Janay Podraza of the Social Security Administration (Doc. No. 19-1, p. 4) states that there is no indication that plaintiff has filed an administrative appeal to the Appeals Council in the benefits claim underlying this case.[1] Plaintiff has not disputed this fact in his response to the motion

---

[1] The records submitted with Podraza's declaration show that plaintiff was advised that he could appeal to the Appeals Council if he disagreed with the ALJ's decision and that the ALJ's decision would be final if he did not appeal to the Appeals Council within 60 days of the ALJ's decision and the Appeals Council did not review the decision on its own.  Doc. No. 19-1, pp. 164-166.

to dismiss. The court finds that plaintiff has not sought review by the Appeals Council.[2]

Therefore, in accordance with the above-cited case law, the court shall grant defendant's motion to dismiss for lack of jurisdiction (Doc. No. 18) and direct that this case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of July 2020, at Topeka, Kansas.

                                s/Sam A. Crow_____
                                U.S. District Senior Judge

---

[2] The court has discretion to consider evidence outside the pleadings, such as the Podraza declaration, to resolve jurisdictional facts under Fed.R.Civ.P. 12(b)(1). Sizova v. Nat. Inst. of Standards & Technology, 282 F.3d 1320, 1324 (10th Cir. 2002).